IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY ALLEN PERRY,

                    Plaintiff,

vs.                                    Case No. 21-3072-SAC

CHRIS WELLS, et al.,

                    Defendants.


**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging a violation of his constitutional rights in relation to his incarceration at the Osage County Jail.  Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1]  This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. <u>Screening standards</u>

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v.</u>

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

2

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

According to the complaint, plaintiff is a pretrial detainee in the Osage County Jail.  He alleges that he was forced to confer with his attorney in a room which has two video surveillance cameras with audio.  He says this makes him uncomfortable and violates his rights, specifically his rights under the First, Sixth and Fourteenth Amendments.  During one visit on February 5, 2021, plaintiff complained to his attorney and later filed a formal grievance with the jail.  His attorney suggested that the Sheriff's Office chose the room and Sheriff's officials suggested that his attorney chose the room.  Plaintiff names the following defendants:

3

Chris Wells, Osage County Sheriff; Scott Brenner, Osage County Undersheriff; Gerry Nitcher, jail sergeant and supervisor; and Josh Shepard, a jail officer.

Plaintiff seeks declaratory and injunctive relief, and nominal and punitive damages.

III. First Amendment

Plaintiff does not elaborate upon his First Amendment claim. He does not claim that defendants prevented him from communicating with his counsel via letter or on the phone.  Indeed, plaintiff's allegations indicate that defendants facilitated plaintiff speaking with his counsel in person by arranging for a room. Plaintiff, however, was uncomfortable with the room because of the potential that his conversation with counsel would be recorded or overheard.  Thus, the core of plaintiff's complaint is an alleged or threatened breach of the attorney/client privilege.

This is not a violation of the First Amendment, unless plaintiff can demonstrate of violation of his right to access the court.  See Howell v. Trammell, 728 F.3d 1202, 1222 (10th Cir. 2013)(attorney/client privilege standing alone is merely a rule of evidence, not a constitutional right); Evans v. Moseley, 455 F.2d 1084, 1086-87 (10th Cir. 1972)(a prisoner's right to correspond with his attorney extends only to issues implicating access to courts); McCoy v. Kansas Dept. of Corrections, 2017 WL 3453399 *3 (D.Kan.  8/11/2017)(attorney/client  privilege  is  not  a

4

constitutional right).   Here, plaintiff has not alleged facts

showing a denial of his right of access to the court because he

has not alleged facts plausibly showing what is essential, i.e.,

that he has suffered prejudice to his legal efforts because of

defendants' actions.   See Walker v. Wilkerson, 310 Fed.Appx. 284,

285 (10th Cir. 2009)(citing Lewis v. Casey, 518 U.S. 343, 351

(1996)).

IV. Sixth Amendment

     The attorney/client privilege touches upon a criminal

defendant's constitutional right to effective assistance of

counsel.   See United States v. Carter, 429 F.Supp.3d 788, 881

(D.Kan. 2019).   But, a violation of the right to effective

assistance of counsel requires a showing of prejudice to one's

legal interests.   Id. at 881-82.   Before such prejudice may even

be presumed there must be a showing that:

> (1) there is a protected attorney-client communication;
> (2) the government purposefully intruded into the
> attorney-client relationship; (3) the government becomes
> "privy to" the attorney-client communication because of
> its intrusion; and (4) the intrusion was not justified
> by any legitimate law enforcement interest.

Id. at 890.   Plaintiff has not alleged facts plausibly showing

that the government purposefully intruded upon his attorney/client

relationship   or   that   the   government   became   privy   to   his

attorney/client   communication   because   of   the   intrusion.

Therefore, plaintiff has not alleged a plausible Sixth Amendment

violation.   See also, <u>U.S. v. Allen</u>, 491 F.3d 178, 192 (4th Cir.

2007)(a Sixth Amendment violation requires proof of prejudice from

intrusion upon attorney work product); <u>U.S. v. Hernandez</u>, 937 F.2d

1490, 1493 (9th Cir. 1991)(must show prejudice to establish a Sixth

Amendment violation); <u>McCoy</u>, 2017 WL 3453399 at *4-5 (no Sixth

Amendment violation alleged where there is no claim of prejudice

from recorded calls to attorney); <u>Carrier v. Lundstedt</u>, 2015 WL

1041835 *3-4 (D.Colo. 3/4/2015)(dismissing Sixth Amendment claim

for failure to allege facts showing prejudice); <u>Andersen v. County

of Becker</u>, 2009 WL 3164769 *12 (D.Minn. 9/28/2009)(same).

V. <u>Fourteenth Amendment</u>

    Plaintiff does not detail his basis for arguing a violation

of the Fourteenth Amendment.   The court assumes plaintiff is

alleging a violation of his right to due process and a fair trial.

Again, plaintiff's allegations do not come close to showing that

he has been denied a fair trial when he has not described prejudice

to his legal interests.   Misconduct by government officials may

rise to the level of a due process violation if it is outrageous

enough to shock the conscience of the court.   <u>U.S. v. Kennedy</u>, 225

F.3d 1187, 1194 (10th Cir. 2000).   Where plaintiff has not alleged

that the prosecution in his case has been privy to attorney-client

communication, the court does not believe he has plausibly alleged

a substantive due process violation.   <u>Id.</u> at 1195 (requiring proof

of actual and substantial prejudice to raise a colorable claim of

outrageousness pertaining to intrusion into attorney-client relationship).

VI. Personal participation

"[P]ersonal participation in the specific constitutional violation complained of is essential." Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011). The Tenth Circuit has held that the denial of grievances alone is insufficient to establish personal participation in alleged constitutional violations. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir.2009); Whitington v. Ortiz, 307 Fed. Appx. 179, 193 (10th Cir.2009); Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. 2007); see also; Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct).

In this case, plaintiff alleges that defendant Shepard escorted plaintiff to the room for the conference with his attorney on February 5, 2021. He does not allege that defendant Shepard had anything else to do with sharing any information from that conference with the prosecution. Plaintiff also asserts that the other three defendants each played a role in denying plaintiff's grievance concerning the February 5, 2021 conference. He does not allege facts showing that any defendant gained access to information from the conference, shared that information with the

prosecution in plaintiff's criminal case, or facilitated such sharing of information.

For these reasons, the complaint does not allege a plausible damages claim against the individual defendants for the actions relating to the February 5, 2021 conference or plaintiff's grievances.

VII. Injunctive or declaratory relief.

Plaintiff's complaint states that he would like the court to order an injunction telling the defendants to stop making criminal defendants and their attorneys visit and discuss cases with video surveillance.  In order to justify the issuance of a preliminary injunction, the moving party must establish that: 1) he will suffer irreparable injury unless the injunction issues; 2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; 3) the injunction, if issued, would not be adverse to the public interest; and 4) there is a substantial likelihood of success on the merits. Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). A preliminary injunction is considered an extraordinary remedy, so the right to relief must be clear and unequivocal. Id.

Plaintiff does not allege facts showing that he will suffer irreparable injury without a court-ordered injunction.  The exhibits submitted with plaintiff's complaint indicate that

8

neither plaintiff's attorney in his criminal case nor jail officials would insist that a future conference be conducted where it could be recorded.   Plaintiff does not allege that he specifically requested a room without recording equipment after February 5, 2021 was denied that request. He also does not allege that any information from a future conference will be shared with the prosecution. He only alleges that he filed a grievance concerning the February 5, 2021 conference and that grievance was denied.   In addition, plaintiff does not allege that he sought relief from the judge overseeing his state court criminal case. Under these circumstances, the court finds that plaintiff has not alleged facts showing a likelihood of suffering irreparable injury or that there is a substantial likelihood of success on the merits. Therefore, the court shall deny injunctive relief at this stage of the proceedings.   For the same reasons, plaintiff's claim for declaratory relief shall be denied.  See Barney v. Pulsipher, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998)(a plaintiff cannot maintain a declaratory judgment action unless he or she can establish a good chance of being injured in the future).

VIII. Conclusion

In conclusion, for the above-stated reasons it appears that plaintiff has failed to state a constitutional claim for relief. In reaching this decision, the court in no way wishes to encourage the violation of the attorney/client privilege.   The court shall

9

grant plaintiff time until April 22, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court and should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2021, at Topeka, Kansas.


s/Sam A. Crow _____
U.S. District Senior Judge